IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LISA LOFTHOUSE,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER REMANDING AND REVERSING THE COMMISSIONER'S FINAL DECISION DENYING DISABILITY BENEFITS<br><br>Case No. 2:21-cv-00178-CMR<br><br>Magistrate Judge Cecilia M. Romero |

The parties in this case consented to the undersigned conducting all proceedings (ECF 11). 28 U.S.C. § 636(c). Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act). After careful review of the entire record (ECF 28), the parties' briefs (ECF 32, 33, 34), and arguments presented at a hearing held on June 1, 2023 (ECF 45), the court concludes that the Commissioner's decision contains reversible legal error and is therefore REVERSED and REMANDED for the reasons discussed below.

## I.    BACKGROUND

Plaintiff applied for DIB and SSI in May 2016, alleging disability as of January 2015, due to severe depression, post-traumatic stress disorder (PTSD), anxiety problems, chronic migraines and panic attacks (Tr. 128, 143, 364, 371). Following early administrative denials and a hearing, the administrative law judge (ALJ) issued an unfavorable decision in January 2019 (Tr. 186–205).

1

Plaintiff appealed the ALJ's decision to the Appeals Council (AC) and on June 28, 2019 the AC remanded the case back to the ALJ for further evaluation and development of the evidence (hereinafter, June AC Remand) (Tr. 206–209).

As relevant here, in the June AC Remand, the AC noted an inconsistency between the marked limitations and the Plaintiff's residual functional capacity and stated "recontact of Dr. Kasteler for clarification [was] warranted" under 20 C.F.R. §§ 404.1520b(b)(2) and 416.920b(b)(2) (Tr. 208). However, in the same June AC Remand, under the "will" do section, the June AC Remand ordered the ALJ to further consider the severity of the Plaintiff's migraine headaches and, if appropriate, to "request" additional evidence or further clarification from examining and non-examining sources on what Plaintiff could do despite any medically determinable impairment under 20 C.F.R. §§ 404.1520b and 416.920b(b)(2) (*id.*). Also relevant, following the June AC Remand, at the March 2, 2020 hearing, the ALJ stated he was "going to order the Social Security Administration to schedule a one-time examination for [Plaintiff] with a doctor to examine [her] back, and [] request a lumbar spine low back x-ray be done at the same time" (Tr. 102).

Despite this statement, following the March 2, 2020 hearing, on April 21, 2020 the ALJ issued a finding of no disability (hereinafter, April 2020 Decision) (ECF 55-78). In his April 2020 Decision, the ALJ stated he carefully considered all the evidence and that Plaintiff had "not been under a disability within the meaning of the Social Security Act" from the onset date through the date of the decision (Tr. 59). Importantly, the ALJ failed to address why Dr. Kasteler was not recontacted and why he ultimately did not order a one-time examination of Plaintiff (Tr. 55–70).

2

The ALJ did however follow the familiar five-step sequential evaluation process used to assess social security claims as set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4) (Tr. 55–78).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2015, the alleged onset date (Tr. 61). 20 C.F.R. §§ 404.1520(a)(4)(1), 416.920(a)(4)(1) (at step one, if a claimant is doing substantial gainful activity, the agency will find that she is not disabled). At step two, the ALJ found Plaintiff had the following severe impairments: migraine headaches, major depressive disorder, PTSD, obesity, and opioid dependence (*id.*).

Between steps three and four, the ALJ assessed Plaintiff's residual functional capacity and found that she was capable of performing light work with limitations as to group-collaborative projects and direct customer service interaction with the public (Tr. 64). 20 C.F.R. §§ 404.1545, 416.945 (a claimant's residual functional capacity is the most she can do despite her limitations). Given this residual functional capacity, the ALJ found Plaintiff unable of performing her past relevant work as a nurse or customer service representative but found that Plaintiff could perform other jobs existing at significant numbers in the national economy (Tr. 70). The ALJ thus concluded that Plaintiff was not disabled and denied disability benefits (Tr. 71). The ALJ's 2020 decision is the final agency decision for purposes of judicial review because the AC did not assume jurisdiction over the ALJ's order. 20 C.F.R. §§ 404.984, 416.1484. This appeal followed.

## II.    STANDARD OF REVIEW

The court reviews the ALJ's decision to determine whether the record as a whole contains substantial evidence in support of the ALJ's factual findings and whether the Commissioner applied

the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 139 S.

Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Under this deferential standard, this court may neither reweigh the evidence nor substitute its

judgment for that of the ALJ. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (citing *Glass

v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)). However, "[f]ailure to apply the correct legal

standard or to provide this court with a sufficient basis to determine that appropriate legal

principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163,

1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

## III.   DISCUSSION

Plaintiff makes three arguments, first that the ALJ committed reversable legal error after

he failed to follow the June AC Remand directive to recontact Dr. Kasteler. Second, that the ALJ

committed reversible error after he said he would order a consultative examination to evaluate

Plaintiff's back and lumbar spine but did not. And third, that the ALJ's RFC determination is not

supported by substantial evidence because the ALJ did not recontact Dr. Kasteler.[1] The court bases

its ruling partially on Plaintiff's first two arguments. There are too many unanswered questions

---

[1] Plaintiff's third argument is that the ALJ's RFC determination is not supported by substantial evidence because the ALJ did not give Dr. Kasteler's opinion controlling weight. The court notes that it is not the court's role to "neither reweigh the evidence nor substitute its judgment for that of the ALJ," 767 F.3d at 954, and so the court does not consider this argument for its ruling and reverses the ALJ's decision on other grounds.

relative to what the AC remanded and a lack of clarity in the ALJ's decision as to whether or not the appropriate legal principles were followed. *See Jensen*, 436 F.3d at 1165.

Plaintiff first asserts that the ALJ's failure to recontact Dr. Kasteler is reversible error as it violates 20 C.F.R. § 404.977(b) and the rule of mandate. 20 C.F.R. § 404.977(b) states that the ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council Remand Order" (ECF 32 at 13–4).

Plaintiff's second argument is that the ALJ's failure to order an additional "one-time examination" relating to Plaintiff's back and lumbar pain constitutes legal error as the "ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues" (ECF 32 at 15) (quoting *Baca v. Dept. of Health Human Servs.*, 5 F.3d 476, 479–80 (10th Cir. 1993)). Plaintiff argues this is especially true in this case because the ALJ noted at the hearing following the AC remand that he was "going to order the Social Security Administration to schedule a one-time examination for [Plaintiff] with a doctor to examine [her] back, and [] request a lumbar spine low back x-ray be done at the same time" (Tr. 102).

In Response, Defendant argues that the ALJ did not violate the rule of mandate as the ALJ did comply with the AC mandate because it followed the two bullet points under the "will" do section of the June AC Remand (ECF 33 at 10). Defendant argues the first part of the June AC Remand was more explanatory but under the mandatory part of the June AC Remand, discretion was given to the ALJ and the ALJ had no actual obligation to recontact Dr. Kasteler or requirement to request a consultive exam or provide reasons for his ruling or lack of ruling on ordering a consultative examination (ECF 33 at 9, 11 (quoting *Lundgren v. Colvin*, 512 F. App'x 875, 879

(10th Cir. 2013))). When *Lundgren* applies, the proper inquiry is "whether the ALJ met his responsibility to ensure the record was sufficiently developed to decide the issues presented at the hearing." *Id.*; *Harlan v. Astrue*, 510 Fed. App'x. 708, 712 (10th Cir. 2013). Defendant argues that standard was met.

It is clear that here the ALJ did not recontact Dr. Kasteler nor did the ALJ provide any explanation for why this was not done. Although it is possible that the ALJ considered other evidence to come to his conclusion that recontact of Dr. Kasteler was unnecessary, the ALJ does not explicitly address this on the record nor in his decision. Defendant argues the court should not "second-guess" the ALJ's decision as it "not only complied with the actual terms of the Appeals Council's remand order, but also supported his sound denial of benefits with substantial evidence" (ECF 33 at 10). Although the court does note that the ALJ discussed Dr. Kasteler's opinion (Tr. 67–8), the court finds Defendant's arguments unpersuasive.

First, it is not clear the June AC Remand was followed. While there is confusion in the language used in the June AC Remand between the beginning of the Remand and under the "will" part, more substantively the June AC Remand was concerned with the ALJ's lack of explanation on why Dr. Kasteler's "marked" limitations were "not reflected in the residual functional capacity" made by the ALJ (Tr. 207). The June AC Remand notes that in his original decision the ALJ stated he had given Dr. Kasteler's "opinion some weight, as it is generally consistent with inpatient and outpatient treatment notes, claimant's testimony, and third party reports" (*id.*). Yet, in his later decision and without recontacting Dr. Kasteler, the ALJ found that Dr. Kasteler's opinion had to be further discounted and only "given partial weight" as the ALJ determined Dr. Kasteler's opinion

was "not supported by the objective evidence in his treatment notes" (Tr. 67). Without further explanation on how the ALJ reached this contradictory holding in his later decision, the court cannot "with a sufficient basis [] determine that appropriate legal principles have been followed." *Jensen*, 436 F.3d at 1165.

Moreover, *Lundgren* and the present case are distinguishable. At the hearing on June 1, 2023, this court asked Defendant whether the present case was factually different than *Lundgren*, Defendant conceded it is. *Lundgren* holds that an ALJ does not commit error by not providing an explanation of their decision not to order a consultative examination when the consultative examination was dependent on whether the ALJ could sufficiently develop the record to decide the issues presented at the hearing after first reviewing all the evidence. *Lundgren*, 512 F. App'x at 879. The present case poses a different issue than *Lundgren*. Here, the ALJ was neither silent on the issue as he is allowed to be, nor did not say he *may* call the consultative examination upon a review of all the evidence. Instead, the ALJ said he was going to order the examination so that he could have "a full picture" on Plaintiff's back and leg pain to make a full consideration (Tr. 102). The ALJ never ordered the examination, did not explain this inconsistency between the hearing and his ultimate decision, and went on to deny Plaintiff's application. Defendant also could not cite a case at the hearing in which the *Lundgren* principle extended to a case like this one.

At the hearing, Defendant conceded that the ALJ gave no explanation as to why the consultative examination was never ordered, but that it appeared the ALJ had instead looked at all the evidence and sufficiently supplemented the record. The ALJ's lack of an explanation on the omission of the examination is concerning given the statement at the hearing that an examination

would be ordered and the June AC Remand where the AC noted issues in the assessment of Dr. Kasteler by the ALJ. Defendant's assumption at the hearing is also insufficient. The court is not in a position to assume the ALJ's reasoning in their decision making for the sake of the ALJ's decision or the Commissioner's argument. The court therefore concludes the ALJ erred by failing to address the failure to further develop the record despite stating it was necessary at the hearing.

The court also asked Defendant at the hearing who would get the benefit of the doubt on an error analysis when an ALJ decides something is necessary to fully develop the record at the ALJ hearing but then fails to execute it. Defendant conceded error would be assumed, to which the court agrees. Although Defendant argued the ALJ fully developed the record by considering later evidence, the court cannot make this assumption without such indication from the ALJ. This is especially the case after the same ALJ determined on the record that the consultative examination was necessary to get a full picture of Plaintiff's claim.

As to Plaintiff's first and second arguments, the ALJ failed to provide a sufficient basis for the court to determine "that appropriate legal principles have been followed" in resolving these issues. *Jensen*, 436 F.3d at 1165. This therefore calls into question, whether the ALJ's decision is supported by substantial evidence.

Defendant also argued that in a case like this, the impact from the ALJ's failure to ultimately order a consultative examination should be analyzed under the harmless error standard. However, this was not argued in the relevant filings, and the argument is therefore waived. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012).

8

## IV.    CONCLUSION

Because the ALJ offered no explanation on why he did not recontact Dr. Kasteler or why he did not order a consultative exam after determining it would be necessary at the hearing, and because it is unclear if the ALJ followed the remand from the AC, the court is unable to determine whether the proper legal principles were followed

Pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and in light of the Commissioner's request for remand of this action for further proceedings, the court hereby GRANTS the Motion.

Accordingly, the court hereby REVERSES the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a REMAND to the Commissioner for further administrative proceedings. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

DATED this 7 July 2023.


Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah